**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CORTNEY STROTHERS,

                                                     CASE NO.  12-13447

        Plaintiff,                            HON. LAWRENCE P. ZATKOFF

v.

CITIMORTGAGE, INC.,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 11, 2013.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss [dkt 3].  The parties have fully briefed the motion.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## II. BACKGROUND

Plaintiff brings this action against Defendant, alleging that the foreclosure of her mortgage and subsequent sale of her residence was improper because Defendant led her to believe that her loan would be modified.

Plaintiff originally obtained a $272,000 loan (the "Loan") from non-party Pathway Financial, Inc. ("Pathway").  Plaintiff used the funds from the Loan to purchase real property at 1396 N Morton Taylor Road, Canton, Michigan (the "Property").  The Loan was evidenced by a note (the "Note") and secured by the mortgage (the "Mortgage") encumbering the Property.  On April 22, 2008, Pathway assigned the Mortgage to Defendant.  Plaintiff later defaulted on the loan.

Upon Plaintiff's default of her obligations under the Note, foreclosure proceedings were commenced on the Loan.  Defendant purchased the Property at a February 2, 2012, Sheriff's sale. On February 13, 2012, Defendant quit-claimed the Property to Federal National Mortgage Association ("Fannie Mae").  The statutory period to redeem, or buy back, the Property expired on August 2, 2012.   Plaintiff did not redeem the Property.

Plaintiff filed a Complaint in the Wayne County Circuit Court on or about July 6, 2012, which Defendant removed to this Court.  Plaintiff's four-count Complaint comprises the following:

> Count I–Quiet Title;
>
> Count II–Unjust Enrichment;
>
> Count III–Breach of Implied Agreement/Specific Performance; and
>
> Count IV–Breach of Mich. Comp. Laws § 3205(c).

Plaintiff claims that Defendant should be required to modify the Loan, and that the Court should issue an order invalidating the sheriff's sale and granting possession and title of the Property to her. Rather than answer the Complaint, Defendant filed the instant motion seeking dismissal of Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In addition to reviewing the allegations in the Complaint, the Court may also consider: (1) documents referenced in the pleadings and central to Plaintiff's claims; (2) matters of which a court may properly take judicial notice; (3) public documents; and (4) letter decisions of government agencies appended to the motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In this case, reference to documents relating to the mortgage and the foreclosure which are referenced in the Complaint and central to Plaintiff's claim do not alter the Court's standard of review under Fed. R. Civ. P. 12(b)(6). *Id.*

## IV. ANALYSIS

### A. STANDING

As a threshold matter, the Court must consider Defendant's contention that Plaintiff lacks standing to bring her claims because, without standing, the Court lacks authority to consider the merits of Plaintiff's Complaint. Here, the rights and obligations of the parties are governed by

Michigan law.  To have standing, Plaintiff must have "a legal or equitable right, title or interest in the subject matter of the controversy."  *MOSES, Inc. v. S. E. Mich. Council of Gov'ts*, 270 Mich. App. 401, 414 (2006).  Relevant to Plaintiff's claims, once the redemption period following the foreclosure of property has expired, the prior owner's rights and title (in this case Plaintiff) to the property are extinguished.  *See* Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942).

The Michigan Court of Appeals explained the effect the redemption period has on standing, as follows:

> Plaintiff's suit did not toll the redemption period.  Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property . . . .  [P]laintiff was required to raise the arguments when the foreclosure proceedings began.  Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. . . . Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.

*Overton v. MERS*, No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009).  The Michigan Court of Appeals, along with the this Court, continue to apply the rationale in *Overton* as controlling law.  *See Awad v. Gen. Motors. Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. April 24, 2012); *Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011). *Accord Nafto v. Wells Fargo Bank. NA*, No. 11-10478, 2011 WL 1575372, at *3 (E.D. Mich. Apri126, 2011); *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at *3 (E.D. Mich. Dec. 15, 2010).

The facts here are no different than the facts presented to the court in *Overton*.  Defendant purchased the property at the sheriff's sale on February 2, 2012.  Plaintiff filed this case on or about July 6, 2012.  After the sheriff's sale, Plaintiff is entitled to a statutory redemption period of six

months to buy back the Property. Mich. Comp. Laws § 600.3240(1), (8).  The redemption period

therefore expired on August 2, 2012, and was not tolled by the filing of this case.  *Overton*, 2009

WL 1507342, at * 1; *see also Kama v. Wells Fargo Bank*, No. 10–10514, 2010 WL 4386974, at *2

(E.D.Mich. Oct.29, 2010); *Smith v. Wells Fargo Home Mortg., Inc.*, No. 09–13988 (E.D. Mich.

August 16, 2010); *Moriarty*, 2010 WL 5173830, at *3.

Plaintiff failed to redeem the property within the statutory redemption period.  As such,

Defendant became vested with "all the right, title and interest which [Plaintiff] had at the time of the

execution of the [M]ortgage."  *See* Mich. Comp. Laws § 600.3236.  Therefore, at the time the

redemption period expired, Plaintiff no longer had "a legal or equitable right title or interest" in the

Property.  *MOSES, Inc.*, 270 Mich. App. at 414.  Absent a "a clear showing of fraud or irregularity,"

Plaintiff lost standing in this case to assert claims with respect to the property, including the

foreclosure procedure and sheriff's sale.  *See Overton*, 2009 WL 1507342, at *1; *see also Mission

of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, *5 (Mich. Ct. App.

April 12, 2007) ("After the redemption period expired, plaintiff no longer had any right or interest

in the property, because the property had been validly purchased at a foreclosure sale.").

Plaintiff argues that she does not lack standing because she has made allegations showing

"fraud, or irregularity."  *See Overton*, at *1 (quotation omitted).  Such allegations must show a

strong case of fraud or irregularity to warrant setting a foreclosure sale aside.  *Detroit Trust Co. v.

Agozzinio*, 280 Mich. 402, 405–06 (1937).  Taking Plaintiff's allegations as true, she fails to plead

allegations that make out a strong case of fraud or irregularity in the foreclosure proceeding and

sheriff's sale.  Plaintiff points to no irregularity in the foreclosure or sheriff's sale, and fails to allege

sufficient facts regarding fraud.  Based on these allegations, Plaintiff has not stated a plausible claim

for relief related to the foreclosure proceedings or sheriff's sale.  The Court therefore finds that Plaintiff  lacks standing and her claim to quiet title (Count I) must fail.  In proceeding in caution, the Court will address the arguments raised by Plaintiff with respect to Counts II—IV.

**B. COUNT II**

In Count II, Plaintiff asserts an unjust enrichment claim.  An unjust enrichment claim provides a plaintiff a remedy by implying a contract where no express contract governs the subject matter.  *Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App. 463, 478 (2003).  Plaintiff's claim must fail since an express contract governs Plaintiff's relationship with Defendant.  Plaintiff entered into the Loan, evidenced by the Note, and the Mortgage, which secures the Loan.  The parties' rights and obligations are governed by these contracts.  Plaintiff must recover, if at all, under the terms of these contracts.  As such, Plaintiff's unjust enrichment claim fails as a matter of law.

**C. COUNT III**

Plaintiff alleges that Defendant, or its representatives, made representations and promises to Plaintiff that the sheriff's sale would be adjourned until the loan modification process was completed.  Plaintiff claims that Defendant breached these representations and promises by proceeding with the sheriff's sale prior to completing the loan modification process.

Michigan's Statute of Frauds bars Count III, which provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution *unless* the promise or commitment *is in writing and signed* with an authorized signature by the financial institution:
>
>> (a) *a promise* or commitment to lend money, grant or extend credit, or make *any other financial accommodation*;
>>
>> (b) *a promise* or commitment to renew, extend, *modify*, or permit a delay in repayment or *performance of a loan*,

6

>       extension of credit, or other financial accommodation.
>
>       (c) *a promise or commitment to waive a provision of a loan*,
>       extension of credit, *or other financial accommodation.*

Mich. Comp. Laws § 566.132(2)(emphasis added). According to the unambiguous language of the statute, a party is precluded from bringing a claim against a financial institution to enforce the terms of an *oral promise* that waives a loan provision. *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000). The Michigan Court of Appeals has previously determined that "an agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of [the statute]." *FEI Co. v. Republic Bank, S.E.*, No. 2005–00489, 2006 WL 2313612, at * 2 (Mich. Ct. App. Aug. 10, 2006) (citation omitted).

Applying Michigan law, Plaintiff has to failed to allege that any writing signed by Defendant exists to show that Defendant agreed to adjourn the sheriff's sale or provide Plaintiff a loan modification. Plaintiff only relies on oral promises. These promises fall within the language of the statute as unenforceable. They are promises "to waive a provision of the loan . . . or other financial accommodation" or "modify . . . performance of the loan." *See* Mich. Comp. Laws § 566.132(2). Such promises must be in writing and signed by Defendant. Plaintiff's Count III therefore is barred under Michigan's Statute of Frauds and fails as a matter of law.

### D. COUNT IV

Likewise, Plaintiff's Count IV challenges the foreclosure proceeding by asserting that Defendant was required to work with Plaintiff for an additional 90 days to modify his loan prior to foreclosing on the property pursuant to Mich. Comp. Laws § 3205(c). Plaintiff's challenge lacks merit; the redemption period has expired, and Plaintiff lacks standing to challenge the foreclosure.

Furthermore, for Defendant to have violated § 3205(c) by proceeding with the sheriff's sale,

7

Plaintiff must have contacted a housing counselor. Mich. Comp. Laws § 3205(c). The Complaint is devoid of any allegations that Plaintiff contacted a housing counselor. Section 3205(c) also states that Plaintiff can file an action for violation of this section when the mortgage holder or servicer (*i.e.*, Defendant) begins foreclosure proceedings. *Id.* The court may then enjoin the foreclosure or turn a foreclosure by advertisement into a judicial foreclosure. *Id.* Plaintiff, however, waited until after the foreclosure process began and the sheriff's sale occurred, before seeking any relief. Thus, for the reasons stated, Plaintiff's Count IV fails to state a claim.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 3]  is GRANTED.

IT IS SO ORDERED.

Date: January 11, 2013

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U. S. DISTRICT COURT JUDGE

8